## Flora B. Hughes, Appellee, v. John Dobson, Appellant.

## Gen. No. 21,821.  (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed November 14, 1916.

### Statement of the Case.

Action by Flora B. Hughes, plaintiff, against John Dobson, defendant, in the Circuit Court of Cook coun-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ty, to recover for the loss of certain rugs, and damage to other property while defendant was hauling household goods from Glenwood to Chicago under contract with plaintiff. From a judgment for plaintiff for $188, defendant appeals. The case was tried in the Circuit Court on appeal from a judgment for plaintiff rendered by a justice of the peace.

GEORGE A. BRINKMAN, for appellant.

H. F. PENNINGTON, FRED A. PENNINGTON and H. F. PENNINGTON, JR., for appellee.

MR. JUSTICE McGOORTY delivered the opinion of the court.

## Abstract of the Decision.

1. JUSTICES OF THE PEACE, § 263*—*how jurisdiction of justice determined.* On appeal, the jurisdiction of a justice of the peace is to be determined from the facts appearing in evidence.

2. JUSTICES OF THE PEACE—*when record shows jurisdiction in justice.* In an action tried in the Circuit Court on appeal from the judgment of a justice of the peace, where on appeal from the judgment of the Circuit Court it was assigned for error that the justice had no jurisdiction of the subject-matter of the action, the contention that the value of the property in question exceeded $200, *held* not supported by the record.

3. CARRIERS—*what does not defeat action for loss of goods.* In an action to recover the value of part of certain household goods lost by defendant while hauling them from Glenwood to Chicago under contract with plaintiff, the fact that plaintiff failed to discover her loss and notify defendant thereof until three days after the balance of the goods were delivered, *held* not to defeat the action where it appeared that the goods were lost by defendant.

4. CARRIERS, § 139*—*when evidence sufficient to establish value of goods lost.* In an action to recover the value of certain rugs lost by defendant while hauling household goods from Glenwood to Chicago under contract with plaintiff, testimony of the dealer who sold the rugs to plaintiff about ten years previously, stating their fair cash market value when sold, and that if the rugs had been well

*See Illinois Notes Digest, Vols. XI. to XV, and Cumulative Quarterly, same topic and section number.

cared for since the sale, their value would have improved with lapse of time, coupled with testimony of plaintiff that the rugs had been well cared for, *held*, taken as a whole, sufficient to establish the fair cash market value of the rugs at the time when they were lost.

5. CARRIERS, § 139*—*when evidence sustains judgment for goods lost*. In an action to recover the value of certain rugs lost by defendant while hauling household goods from Glenwood to Chicago under contract with plaintiff, a verdict for plaintiff *held* sustained by the evidence.